UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SATYANARAYANA KANUGONDA,
Individually and On Behalf of All Others
Similarly Situated,

Plaintiff,

v.

FUNKO, INC., *et al.*,

Defendants.

Case No. C18-812RSM

ORDER DENYING LEAD PLAINTIFF MOTION AND STRIKING MOTION FOR LEAVE TO FILE LEAD PLAINTIFF MOTION

## I.   INTRODUCTION

This matter comes before the Court on the Motion of A. Parikh for Appointment as Lead Plaintiff and Approval of Choice of Counsel. Dkt. #4. Purported class member and interested party Carl Berkelhammer has filed a motion for leave to file a motion for appointment as lead plaintiff and has opposed A. Parikh's Motion.[1] Dkts. #15 and #16. Having considered the filed documents and the relevant record, and for the reasons set forth below, the Court denies A. Parikh's Motion for Appointment as Lead Plaintiff and Approval of Choice of Counsel (Dkt. #4) and strikes Mr. Berkelhammer's motion (Dkt. #15) as moot.

---

[1] The Motion of Carl Berkelhammer for Leave to File a Motion for Appointment as Lead Plaintiff and Approval of Choice of Counsel, or Alternatively to Set a Briefing Schedule for Lead Plaintiff Motions (Dkt. #15) is noted for the Court's consideration on June 29, 2018.

ORDER – 1

## II. BACKGROUND

### A. Plaintiff's Lawsuit

This action arises from Defendant Funko Inc.'s ("Funko") November 1, 2017 initial public offering ("IPO"). Dkt. #1 at ¶ 1. Plaintiff contends that Funko's Form S-1, filed with the Securities and Exchange Commission, contained untrue statements of fact and omissions with regards to Funko's profits and growth, insulation from adverse industry, sales, and earnings trends, and materially misleading statements regarding Funko's business, operations, and prospects. *Id.* at ¶ 4. Funko's stock was initially valued at $12.00 per share during the IPO. *Id.* at ¶ 3. After the untrue statements of fact and omissions came to light, Funko's stock plummeted to $6.00 per share on December 21, 2017, resulting in significant losses and damages for Plaintiff and other similarly situated Class members. *Id.* at ¶ 5. Plaintiff asserts claims under Sections 11, 12, and 15 of the Securities Act of 1933 (15 U.S.C. §77a et seq.).

## III. DISCUSSION

### A. Legal Standard

Movant A. Parikh's ("Movant") request for appointment as lead plaintiff is governed by the 1995 Private Securities Litigation Reform Act ("PSLRA"). Pub. L. 104-67, 109 Stat. 737 (relevant portion codified at 15 U.S.C. § 77z-1). Under the PSLRA, the Court is to appoint a lead plaintiff who is intended to "monitor, manage, and control the litigation" and who "owes a fiduciary duty to all members of the proposed class." *In re Network Associates, Inc., Sec. Litig.*, 76 F. Supp. 2d 1017, 1020, 1032 (N.D. Cal. 1999). The lead plaintiff is not necessarily the plaintiff filing the lawsuit, but is intended to be the class member "most capable of adequately representing the interests of class members." 15 U.S.C. § 77z-1(a)(3)(B)(i). To this end, the PSLRA sets up a three step process. *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002). That

process consists of: (1) public notice of the pending lawsuit, (2) identification of a "presumptively most adequate plaintiff," and (3) an opportunity for other plaintiffs to rebut the appointment of the presumptive lead plaintiff. *Id.* at 729–30.

As the first step in the process, proper notice is vital and "[a] court has an independent duty to scrutinize published notice for compliance with the PSLRA requirements." *Janovici v. DVI, Inc.*, 2003 WL 22849604, at *5 (E.D. Pa. Nov. 25, 2003) (citations omitted). The PSLRA requires that a plaintiff filing suit, within 20 days, "cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class" of the details of the action and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class." 15 U.S.C. § 77z-1(a)(3)(A)(i). Additionally, a prospective lead plaintiff may file a complaint and be eligible for appointment as lead plaintiff. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(aa); *Coopersmith v. Lehman Bros., Inc.*, 344 F. Supp. 2d 783, 786 (D. Mass. 2004) (eligible parties are "1) those who have moved for appointment within 60 days and 2) those who have filed a complaint"). Where multiple actions asserting substantially the same claims are filed, "only the plaintiff or plaintiffs in the first filed action shall be required to cause notice to be published." 15 U.S.C. § 77z-1(a)(3)(A)(ii).

### B. Proper Notice Was Not Provided

Movant's Motion relies on a notice filed in a prior action before this Court: *Jacobs v. Funko Inc.*, 2:18-481MAT. Dkt. #4 at 2. That case was filed on April 2, 2018, and the plaintiff in that action duly provided notice of the action in Business Wire, a widely circulated national business-oriented publication or wire service, on April 4, 2018. Dkt. #5 at 4. The notice specifically provided that "a class action lawsuit in the United States District Court Western

ORDER – 3

District of Washington (Docket Number: 2:18-cv-00481)" had been filed and that "investors have 60 days from the date of this notice to file a lead plaintiff motion." *Id.* However, the plaintiff in that action voluntarily dismissed the action on May 21, 2018. *Jacobs v. Funko Inc.*, 2:18-481MAT, Dkt. #12. Movant argues that the notice provided in the terminated *Jacobs* action started the 60 day period for lead plaintiff motions, applied as to all subsequently filed actions, excused Plaintiff of the need to provide notice, and that Movant is entitled to be appointed lead plaintiff by default. The Court does not agree.

Movant's argument relies on a strict reading of 15 U.S.C. § 77z-1(a)(3)(A)(ii), which provides: "If more than one action on behalf of a class asserting substantially the same claim or claims arising under this subchapter is filed, only the plaintiff or plaintiffs in the first filed action shall be required to cause notice to be published in accordance with clause (i)." But applying this section strictly in the circumstances of this case would be inconsistent with the statutory scheme.

Allowing Movant to rely on the notice previously filed in a dismissed case would rob class members of the full 60 day period to file a *motion*. Class members are unquestionably given 60 days in which "any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. § 77z-1(a)(3)(A)(i)(II). But the *Jacobs* action was not pending for a full 60 days. Between dismissal of the *Jacobs* action on May 21, 2018, and filing of the instant action on June 4, 2018, there was simply no action in which a class member could file a motion seeking to be appointed lead plaintiff. Nothing in the PSLRA requires a class member to file a new lawsuit in order to file a motion to be appointed lead plaintiff.

Additionally, the PSLRA contemplates that the Court will appoint a lead plaintiff in the first filed action or a consolidated action. Specifically, the statute provides that within 90 days

ORDER – 4

of the date on which proper notice is provided, the court is to consider all motions, "including any motion by a class member who is not individually named as a plaintiff in the complaint or complaints" and shall appoint a lead plaintiff. 15 U.S.C. § 77z-1(a)(3)(B)(i). The PSLRA contemplates that any later filed actions will be considered in appointing a lead plaintiff in the first filed action. Alternatively, the PSLRA contemplates that the pending actions will be consolidated and a lead plaintiff will be selected after consolidation. *See* 15 U.S.C. § 77z-1(a)(3)(B)(ii). A lead plaintiff cannot be appointed in *Jacobs* and the instant action cannot be consolidated with *Jacobs*.

Most importantly, a strict reading of the statute would not advance the purposes of appointing a lead plaintiff or of the 60 day window for lead plaintiff motions. The PSLRA's requirement of notice is intended to "broaden the number of plaintiffs who get involved and seek lead plaintiff status by assuring potential plaintiffs that they still have a chance to take control of the case, even though they have lost the 'race to the court house.'" *In re Cavanaugh*, 306 F.3d at 738; *see also In re White Elec. Designs Corp. Sec. Litig.*, 416 F. Supp. 2d 754, 775 (D. Ariz. 2006) (main purpose of notice is to allow investors to "make informed determination whether intervention is appropriate to protect" their interests) (quoting *Ravens v. Iftikar*, 174 F.R.D, 651, 654 (N.D. Cal. 1997)). Under the PSLRA, "qualified investors must decide whether to intervene or compete for lead plaintiff appointment and to negotiate attorney arrangements so that the class representative that emerges is the 'most capable of adequately representing the interests of the class.'" *Ravens*, 174 F.R.D. at 675–76 (quoting 15 U.S.C. § 78u-4(a)(3)(B)(i), identical to 15 U.S.C. § 77z-1(a)(3)(B)(i)). After dismissal of the *Jacobs* action, there was no plaintiff for other class members to consider in determining whether their rights were adequately represented.

Having found that Plaintiff and Movant cannot proceed under the earlier filed notice, it is necessary for Plaintiff, if he desires, to publish notice of this action and thereby initiate the 60 day period for class members to seek lead plaintiff status in this action. Republication is often required where the contours of an action have changed. *See Thomas v. Magnachip Semiconductor Corp.*, No. 14-CV-01160-JST, 2015 WL 3749784, at *4 (N.D. Cal. June 15, 2015) (requiring republication of an amended complaint where "individuals who could now be considered potential lead plaintiffs would have disregarded the earlier notice" and "allowing plaintiffs . . . to proceed without publishing a new notice reflecting their additional claims would potentially exclude qualified movants from the lead plaintiff selection process" and compiling numerous cases in support) (citations omitted). Here, the filing of a new action in an attempt to reanimate a notice and lawsuit that all other potential class members had every reason to believe was dead altered the action.

Movant's arguments to the contrary are not persuasive. Movant argues that the 60 day deadline is a strict deadline and that numerous notices in this case alerted class members of the June 4 deadline. Dkt. #18 at 3–4. But even if all class members were aware of the deadline, they would not have found an action in which they could have filed a motion between May 21, 2018, and June 4, 2018. The Court will not apply the 60 day deadline so strictly as to defeat the PSLRA's intent.

Perhaps more importantly, Plaintiff and Movant have not established that they will be prejudiced by providing proper notice of this action and the opportunity for class members to seek appointment as lead plaintiff. First, the lawsuit is in its infancy and the Defendants have not yet been served. Second, the lack of a lead plaintiff does not leave the lawsuit to flounder without direction as Plaintiff can continue to provide direction as necessary. Third, even if the

ORDER – 6

Movant had been appointed lead plaintiff, the passing of the 60 day period does not cement his status. *See Coopersmith v. Lehman Brothers, Inc.*, 344 F. Supp. 2d 783 (D. Mass. 2004) (concluding that the PSLRA's 60 day requirement can be extended, that the "PSLRA does not limit lead plaintiffs to those who have filed motions within 60 days of the publication of notice," and that the "PSLRA does not require speed over due consideration of appropriate candidates"); *Chill v. Green Tree Financial Corp.*, 181 F.R.D. 398 (D. Minn. 1998) (noting that judges "are not referees at prize fights but functionaries of justice" in concluding that 60 day period should not operate to "deprive injured investors of any opportunity to seek" lead plaintiff status). Thus, Plaintiff and Movant will be put in no worse position by being required to comply with the statutory notice period prior to seeking appointment as lead plaintiff. Conversely, the PSLRA's intent to appoint the most adequate plaintiff will be furthered.

### C. The Court Does Not Need to Consider Carl Berkelhammer's Filings

Mr. Berkelhammer has filed a motion seeking leave to file a motion for appointment as lead plaintiff (Dkt. #15) and a response opposing A. Parikh's Motion (Dkt. #16). Mr. Berkelhammer, a non-party, has never sought to intervene in this matter pursuant to Federal Rule of Civil Procedure 24. While the PSLRA does anticipate non-parties filing motions seeking lead plaintiff status, those motions are not akin to motions to intervene. *Employers-Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Anchor Capital Advisors*, 498 F.3d 920, 923–24 (9th Cir. 2007) (noting that a motion to be appointed lead plaintiff is not akin to a formal motion to intervene); *see also In re Extreme Networks, Inc. Shareholder Derivative Litig.*, 573 F. Supp. 2d 1228, 1237 (N.D. Cal. 2008) (in derivatives class action where lead plaintiff could no longer serve, amended complaint could not substitute new plaintiff without that plaintiff formally seeking to intervene).

ORDER – 7

Nevertheless, the Court has an independent obligation to consider the issue Mr. Berkelhammer raised—whether notice in this case complied with the PSLRA requirements. *Lane v. Page*, 250 F.R.D. 634, 643 (D. NM. 2007) (noting that the court need not decide whether to allow a non-party to intervene where the court was already obligated to consider whether notice complied with the PSLRA's requirements—the issue the non-party wanted the court to resolve). The Court does not need to consider Mr. Berkelhammer's filings to determine whether notice was sufficient. Accordingly, the Court strike's Mr. Berkelhammer's motion for leave to file a motion for appointment as lead plaintiff as moot. Should Plaintiff reissue proper notice, Mr. Berkelhammer may seek lead plaintiff status at the appropriate time.

## IV. CONCLUSION

Having reviewed Movant's Motion, along with the remainder of the record, the Court hereby finds and ORDERS:

1. The Motion of A. Parikh for Appointment as Lead Plaintiff and Approval of Choice of Counsel is DENIED.

2. The Motion of Carl Berkelhammer for Leave to File a Motion for Appointment as Lead Plaintiff and Approval of Choice of Counsel, or Alternatively to Set a Briefing Schedule for Lead Plaintiff Motions is STRICKEN as moot.

Dated this 27 day of June, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE