UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SATYANARAYANA KANUGONDA, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>FUNKO, INC., *et al.*,<br><br>Defendants. | Case No. C18-812RSM<br><br>ORDER DENYING CARL BERKELHAMMER'S LEAD PLAINTIFF MOTION |

## I. INTRODUCTION

This matter comes before the Court on the Motion and Memorandum of Law of Carl Berkelhammer for Appointment as Lead Plaintiff and Approval of His Selection of Lead and Liaison Counsel. Dkt. #29. No competing motion to be appointed lead plaintiff was filed in this securities fraud class action. Mr. Berkelhammer ("Movant") seeks to be appointed lead plaintiff because he is unopposed and because he has a significant financial interest and will adequately represent the class. Dkts. #29 and #32. Having considered the Motion and the relevant record, and for the reasons set forth below, the Court denies Movant's Motion.

ORDER – 1

## II. BACKGROUND

### A. Plaintiff's Lawsuit

This action arises from Defendant Funko Inc.'s ("Funko") November 1, 2017 initial public offering ("IPO"). Dkt. #1 at ¶ 1. Plaintiff contends that Funko's Form S-1, filed with the Securities and Exchange Commission, contained untrue statements of fact and omissions with regards to Funko's profits and growth, insulation from adverse industry, sales, and earnings trends, and materially misleading statements regarding Funko's business, operations, and prospects. *Id.* at ¶ 4. Funko's stock was initially valued at $12.00 per share during the IPO. *Id.* at ¶ 3. After the untrue statements of fact and omissions came to light, Funko's stock plummeted to $6.00 per share on December 21, 2017, resulting in significant losses and damages for Plaintiff and other similarly situated class members. *Id.* at ¶ 5. Plaintiff asserts claims under Sections 11, 12, and 15 of the Securities Act of 1933 (15 U.S.C. § 77a–77aa).

### B. Prior Lead Plaintiff Motion

This is the second round of motions seeking appointment of a lead plaintiff in this putative securities fraud class action. On the same day that Plaintiff filed this lawsuit, Mr. A. Parikh sought to be appointed as lead plaintiff. Dkt. #4. Mr. A. Parikh relied on notice provided in a previous case before this Court that was dismissed prior to Plaintiff's filing. *See* Dkt. #4. Finding that Mr. A Parikh could not rely on notice provided in a dismissed case and that the required statutory notice had not been provided, the Court denied Mr. A. Parikh's motion. Dkt. #22. Plaintiff subsequently republished the statutory notice and Movant brought his Motion during the notice period following republication. Dkts. #29 and #30-1.

## III. DISCUSSION

### A. Legal Standard

In securities class actions under the Private Securities Litigation Reform Act ("PSLRA"),[1] the Court is to appoint a lead plaintiff who is intended to "monitor, manage, and control the litigation" and who "owes a fiduciary duty to all members of the proposed class." *In re Network Assocs., Inc., Sec. Litig.*, 76 F. Supp. 2d 1017, 1020, 1032 (N.D. Cal. 1999). The lead plaintiff is not necessarily the plaintiff filing the lawsuit, but is intended to be the class member "most capable of adequately representing the interests of class members." 15 U.S.C. § 77z-1(a)(3)(B)(i). To this end, the PSLRA sets up a three step process. *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002). That process consists of: (1) public notice of the pending lawsuit, (2) identification of a "presumptively most adequate plaintiff," and (3) an opportunity for other potential plaintiffs to rebut the appointment of the presumptive lead plaintiff. *Id.* at 729–30.

As the first step in the process, proper notice is vital and "[a] court has an independent duty to scrutinize published notice for compliance with the PSLRA requirements." *Janovici v. DVI, Inc.*, 2003 WL 22849604, at *5 (E.D. Pa. Nov. 25, 2003) (citations omitted). The PSLRA requires that a plaintiff filing suit, within 20 days, "cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class" of the details of the action and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class." 15 U.S.C. § 77z-1(a)(3)(A)(i). Additionally, a prospective lead plaintiff may file a complaint and be eligible for appointment as lead plaintiff. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(aa); *Coopersmith v. Lehman Bros., Inc.*, 344 F. Supp. 2d 783,

---

[1] Pub. L. 104-67, 109 Stat. 737 (15 U.S.C. § 77a–77aa).

786 (D. Mass. 2004) (eligible parties are "1) those who have moved for appointment within 60 days and 2) those who have filed a complaint").

### B. Proper Notice Was Not Provided

Plaintiff's notice in this action was not sufficient to fulfill its statutory purpose of aiding identification of the most adequate plaintiff. As the Court noted in its prior order, the PSLRA's notice requirement is intended to broaden the number of potential plaintiffs seeking to be appointed lead plaintiff. Dkt. #22 at 5 (quoting *In re Cavanaugh*, 306 F.3d at 729 and citing *In re White Elec. Designs Corp. Sec. Litig.*, 416 F. Supp. 754, 775 (D. Ariz. 2006)). Several courts have also noted the similarities between the PSLRA's notice requirement and due process requirements that notice be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action." *Lane v. Page*, 250 F.R.D. 634, 643 (D.N.M. 2007) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)); *In re Lucent, Inc. Secs. Litig.*, 194 F.R.D. 137, 146 (D.N.J. 2000) (same).

The notice Movant relies upon in this action indicated that Plaintiff's counsel had filed a class action lawsuit, but did nothing to identify that lawsuit and allow potential class members to consider whether to seek appointment as the lead plaintiff. *In re White Elec. Designs Corp. Sec. Litig.*, 416 F. Supp. 2d at 775 (main purpose of notice is to allow investors to "make informed determination whether intervention is appropriate to protect" their interests) (quoting *Ravens v. Iftikar*, 174 F.R.D, 651, 654 (N.D. Cal. 1997)). Providing adequate notice is also important to the PSLRA's statutory scheme as "qualified investors must decide whether to intervene or compete for lead plaintiff appointment and to negotiate attorney arrangements so that the class representative that emerges is the 'most capable of adequately representing the interests of the

ORDER – 4

class.'" *Ravens*, 174 F.R.D. at 675–76 (quoting 15 U.S.C. § 78u-4(a)(3)(B)(i), which is identical to 15 U.S.C. § 77z-1(a)(3)(B)(i)).

The notice relied upon, however, gave no information that would assist potential class members in obtaining information about the case. *Haung v. Acterna Corp.*, 220 F.R.D. 255 (D. Md. 2004) (disapproving of notice that did not provide case name or docket number, names of plaintiff or judge or address of court and noting that notice appeared more likely intended to attract class members). Much like *Haung*, the notice did not identify the action or what court it was filed in and directed potential class members to contact Plaintiff's counsel's firm "for information on the class action." Dkt. #30-1. While the notice did alert the class that "if you wish to serve as lead plaintiff, you must move the Court no later than August 27, 2018," it gave no indication that the action was pending before *this* Court. *Id.* The notice directed the class to Plaintiff's counsel's website for information and that webpage also did not give an indication of what court the action was pending in. *Id.* and http://rosenlegal.com/cases-1297.html (last visited Oct. 12, 2018). Only by clicking on a link to "View Complaint" can the class view an unfiled copy of the Complaint that indicates the lawsuit was likely filed within the Western District of Washington, but does not indicate the Plaintiff, the case number, or whether the case is filed in the Seattle Division or the Tacoma Division of this Court.

Consistent with many cases to the same effect, the Court will not find notice adequate where it provides the class no assistance in accessing additional information about the case in order to determine whether action is required to adequately protect their rights. *See In re Lucent Techs. Sec. Litig.*, 194 F.R.D. 137 (rejecting notice that did not contain the case caption, identify the plaintiff, name of the judge assigned, or provide the address of the court); *California Pub. Emps. Ret. Sys. v. Chubb Corp.*, 127 F. Supp. 2d 572 (D.N.J. 2001) (rejecting notice that did not

ORDER – 5

contain the case caption, docket number, judge assigned, or location of the court); *Holley v. Kitty Hawk, Inc.*, 200 F.R.D. 275 (N.D. Tex. 2001) (rejecting notice that did not contain "the style of the case, case number," or the court); *cf. Lane*, 250 F.R.D. 634 (distinguishing preceding cases because notice listed the case number, described allegations, and advised of right to seek lead plaintiff status).

Plaintiff may republish notice of this action that complies sufficiently with the requirements of the PSLRA.

## IV.  CONCLUSION

Having reviewed the Motion, along with the remainder of the record, the Court hereby finds and ORDERS the Motion and Memorandum of Law of Carl Berkelhammer for Appointment as Lead Plaintiff and Approval of His Selection of Lead and Liaison Counsel (Dkt. #29) is DENIED.

Dated this 15 day of October, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 6