UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CARL BERKELHAMMER,<br>Plaintiff,<br>v.<br>FUNKO INC,<br>Defendant. | CASE NO. 2:18-cv-00812-DGE<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL (DKT. NO. 99) |

## I INTRODUCTION

On June 14, 2023, Defendants Fundamental Capital, LLC, ACON Investments, LLC, Funko Inc., Ken Brotman, Gino Dellomo, Charles Denson, Diane Irvine, Adam Kriger, Brian Mariotti, Richard McNally, and Russell Nickel filed motions to dismiss. (Dkt. Nos. 93, 94, 95.) On July 27, 2023, Plaintiff filed a Cross Motion for Voluntary Dismissal under Rule 41(a)(2) in response to the motions to dismiss. (Dkt. No. 99.) The parties agree the case should be dismissed but disagree as to whether dismissal with or without prejudice is appropriate.

## II BACKGROUND

This is a class action arising out of Funko, Inc.'s November 1, 2017 initial public offering. Plaintiff sued Funko, certain Funko senior executives and directors, the investment

banks acting as underwriters for the IPO, and private equity defendants at whose direction Funko acted. (Dkt. No. 45 at 2.) The amended complaint alleges the Registration Statement for the IPO contained material misstatements and omissions and otherwise violated §§ 11, 12(a)(2), and 15 of the Securities Act of 1933. (*Id.* at 32–36.)

## III DISCUSSION

Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. Fed. R. Civ. P. 41(a)(2). Unless the order states otherwise, a dismissal under Rule 41(a)(2) is without prejudice. *Id.*

A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result. *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). Legal prejudice means "prejudice to some legal interest, some legal claim, some legal argument." *Id.* at 976 (quoting *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996)). Uncertainty because a dispute remains unresolved or uncertainty regarding the threat of future litigation does not result in plain legal prejudice. *Id.* (citing *Westlands*, 100 F.3d at 96–67). Plain legal prejudice does not result merely because the defendant will become inconvenienced by having to defend in another forum or whether a plaintiff would gain a tactical advantage by that dismissal. *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982).

The Funko Defendants argue they will be prejudiced because they "are entitled to dismissal on the merits now." (Dkt. No. 103 at 9.) They argue dismissal without prejudice would open the door for Plaintiff to assert these claims for a fourth time after gaining access to discovery currently prohibited under the Private Securities Litigation Reform Act's ("PSLRA") automatic discovery stay. (*Id.* at 10.) The Funko Defendants argue a dismissal without prejudice

would allow Plaintiff to "make an end-run around the PSLRA stay by gaining access to discovery, and then incorporating that discovery into a new complaint here or in another court." (*Id.*)

The fact that Defendants wish to resolve the case at present does not amount to legal prejudice. True, Plaintiff may gain access to additional information that would assist in drafting a complaint meeting the higher pleading standard under the PSLRA. But Plaintiff would gain only a procedural advantage. The Ninth Circuit recognized that the PSLRA affected the procedural aspects of securities litigation in federal court but did nothing to the substantive elements of a securities fraud action. *Smith*, 263 F.3d at 976 (citing *In re Silicon Graphics Inc.*, 183 F.3d 970, 977 (9th Cir. 1999)). At most, Plaintiff would gain only the sort of "tactical advantage" falling squarely outside this circuit's understanding of legal prejudice. *Hamilton*, 679 F.2d at 145.

Defendants next argue dismissal with prejudice is warranted because of Plaintiff's delay in voluntarily dismissing and apparent attempts at gamesmanship. (Dkt. No. 103 at 10.) Plaintiff filed and then dismissed his first case in Snohomish County, joined the state action by filing a complaint in King County, later stipulated to his dismissal of that action, and then filed this complaint and maintained this action for more than four years "as a hedge against dismissal of the state action" "with the apparent hope of joining, and exercising some leverage in, a global settlement." (*Id.* at 9.) Defendants argue Plaintiff, after maintaining the duplicative action for five years, now seeks to dismiss in response to a dispositive motion. (*Id.*) Plaintiff represents to the court he does not plan to file a new case, but rather seeks dismissal without prejudice so that he may receive his *pro rata* share of any recovery from the state action, where the claims of all absent class members are being asserted. (Dkt. No. 109 at 5.)

Indeed, "while a change from federal to state court might create a tactical disadvantage to defendants, that is not legal prejudice." *Bader v. Elecs. for Imaging, Inc.*, 195 F.R.D. 659, 662 (N.D. Cal. 2000). The decision to litigate in state rather than federal court is a tactical move which plaintiffs may make, and which does not amount to legal prejudice to defendants.

Lastly, Defendants argue Plaintiff's dismissal invokes the "two-dismissal rule" under 41(a)(1)(B). (Dkt. No. 103 at 8.) The Ninth Circuit outlined the rule:

> Under Rule 41(a)(1), an action may voluntarily be dismissed by the plaintiff without court order by filing a notice of dismissal before the defendant has answered or moved for summary judgment, or by filing a stipulation of dismissal signed by all parties who have appeared. Such a voluntary dismissal is presumed to be "without prejudice" unless it states otherwise, but a voluntary dismissal of a second action operates as a dismissal on the merits if the plaintiff has previously dismissed an action involving the same claims. This is known as the "two dismissal rule."

*Com. Space Mgmt. Co. v. Boeing, Co.*, 193 F.3d 1074, 1076 (9th Cir. 1999). Importantly, the language establishing the two-dismissal rule is found only in 41(a)(1), not 41(a)(2). Rule 41(a)(1)(B), which describes the effect of dismissal without a court order, states: "if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a *notice* of dismissal operates as an adjudication on the merits." Fed. R. Civ. P. 41(1)(a) (emphasis added). The same language does not appear in 41(a)(2). The two-dismissal rule is thus inapplicable because Plaintiff has not filed a notice of dismissal under 41(a)(1); rather, he filed a *motion* for voluntary dismissal without prejudice under 41(a)(2), requiring a court order. (Dkt. No. 99 at 2.) The fact that the previously dismissed state action involved the same claims is irrelevant for purposes of 41(a)(2).[1]

---

[1] Even still, once Plaintiff's state-level claims are fully adjudicated, if they truly involve the same transactional nucleus, rights, interests, and evidence, any re-filed federal action would be barred by *res judicata*, thereby alleviating any inconvenience to Defendants having to defend an identical suit.

Because Defendants have failed to demonstrate any legitimate, legal prejudice, Plaintiffs claims are DISMISSED without prejudice. Because Plaintiff has voluntarily dismissed his claim under Rule 41(a)(2), the Court need not address the parties' arguments with respect to the Colorado River Doctrine nor Plaintiff's alleged failure to state a claim upon which relief can be granted.

## IV CONCLUSION

Accordingly, and having considered Plaintiff's motion, the briefing of the parties, and the remainder of the record, the Court finds and **ORDERS**:

1. Plaintiff's Motion for Voluntary Dismissal (Dkt. No. 99) is **GRANTED;**
2. Defendant Fundamental Capital, LLC's Motion to Dismiss (Dkt. No. 93) is **DENIED** as moot;
3. Defendant ACON Investments, LLC.'s Motion to Dismiss (Dkt. No. 94) is **DENIED** as moot;
4. Funko Defendants' Motion to Dismiss (Dkt. No. 95) is **DENIED** as moot;
5. This case is **DISMISSED** without prejudice.
6. The clerk is **DIRECTED** to close the case.

DATED this 13 day of October 2023.

David G. Estudillo
United States District Judge